UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANDRA SATINA,

Plaintiff,

-against-

CITY OF NEW YORK, CATHY RUSH-
BROWN, and JOHN and JANE DOE (said
names being fictitious, the persons intended
being those who aided and abetted the unlawful
conduct of the named Defendants),

Defendants.

24-CV-1842 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Sandra Satina brings amended claims of age and disability-based discrimination against her former employer, the New York City Human Resources Administration and Department of Social Services ("HRA"). Defendants again move to dismiss. Because Plaintiff did not remedy the deficiencies of her age-based discrimination claims, but did plausibly allege discriminatory intent with respect to her disability-based discrimination claims, Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this matter, as recited in its previous order granting Defendants' prior motion to dismiss. ECF No. 23 ("Order").

On March 11, 2024, Plaintiff brought this action against Defendants City of New York (the "City"), Cathy Rush-Brown, and John and Jane Does (the "Doe Defendants"). ECF No. 1 ("Compl."). Plaintiff asserted claims for age discrimination in violation of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and disability-discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.*, against her former employer, the City. *See* Compl. Plaintiff further alleged age and disability discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.*, against all Defendants. *Id.* Plaintiff's discrimination claims were based on denial of Plaintiff's COVID-19 related accommodation and transfer requests, as well as critiques and performance evaluations received under Defendant Rush-Brown. *Id.*

On June 21, 2024, Defendants City and Rush-Brown moved to dismiss the Complaint. ECF No. 15. On March 25, 2025, the Court granted Defendants' motion, dismissing Plaintiff's claims for failure to "plead the requisite discriminatory intent." Order at 14.

However, the Court granted Plaintiff limited leave to amend the Complaint. *Id.* at 16. Specifically, the Court allowed Plaintiff to "amend the complaint to assert ADA, ADEA, Rehabilitation Act, NYSHRL, and NYCHRL claims for disability and age-based discrimination for denial of accommodations and requests to transfer." *Id.*

The Court prohibited Plaintiff from asserting "claims for discrimination based on unfavorable evaluations and critiques at work, or any claims against Defendant Rush-Brown." *Id.* Plaintiff had failed to allege that Rush-Brown's evaluations and critiques resulted in any adverse employment actions. *Id.* at 10, 16. Additionally, Plaintiff's claims under the ADEA and ADA based on Defendant Rush-Brown's evaluations and critiques were untimely. *Id.* at 7.

On May 1, 2025, Plaintiff filed the operative Amended Complaint. ECF No. 24 ("Am. Compl."). On July 14, 2025, Defendants moved to dismiss Plaintiff's Amended Complaint. ECF

2

No. 29. On July 28, 2025, Plaintiff opposed the motion. ECF No. 31 ("Opp."). On August 18, 2025, Defendants filed their reply. ECF No. 36.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

## DISCUSSION

This discussion proceeds in four parts. First, the Court concludes that Plaintiff has failed to sufficiently allege any age-based discrimination claims. Second, the Court finds that Plaintiff's claims for disability discrimination are adequately pled. Third, the Court dismisses Plaintiff's claims against the Doe Defendants. Finally, the Court dismisses Plaintiff's requests for punitive damages as to all remaining claims.

3

### I.      Plaintiff Fails to State a Claim for Age Discrimination

As stated in the Order, the ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To survive a motion to dismiss an ADEA claim, a plaintiff must plausibly allege that she: (1) "is a member of a protected class"; (2) "was qualified" for the position; (3) "suffered an adverse employment action"; and (4) "has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 51 (S.D.N.Y. 2019) (quoting *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 484–85 (S.D.N.Y. 2017)).

"Age discrimination claims under the NYSHRL and the NYCHRL are evaluated under the same analytic framework as claims brought under the ADEA." *Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 157–58 (S.D.N.Y. 2022) (internal citation and quotation marks omitted); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). However, "the standard under the NYCHRL is uniquely lenient," requiring at the motion to dismiss stages only that plaintiffs plausibly allege that they were "treated less well at least in part because of their age." *Shaughnessy v. Scotiabank*, No. 22 CV 10870 (LAP), 2024 WL 1350083, at *10 (S.D.N.Y. Mar. 29, 2024) (internal citation and quotations marks omitted). "Similarly, the 2019 amendments to the NYSHRL relaxed a plaintiff's burden, instructing courts to construe provisions liberally to accomplish the remedial purposes of the NYSHRL." *Id.* (citing N.Y. Exec. Law § 300).

### a.      Plaintiff Fails to Allege Discriminatory Animus Causing the Denial of Requests to Work from Home or Transfer

Plaintiff has not stated age-based discrimination claims based on Defendants' denial of her requests to work from home or transfer offices. She fails to plausibly allege that those

decisions were motivated by age-based discriminatory intent. The Court already concluded in its prior Order that Plaintiff has satisfied the first three elements of her age-based discrimination claims arising from the denial of accommodations and requests to transfer. Order at 8–11. That is, Plaintiff has sufficiently alleged that she is a member of a protected class, was qualified for her position of employment, and suffered the adverse employment action of denial of her accommodation requests and her transfer requests. *Id.* However, the Court held that Plaintiff failed to allege discriminatory intent. *Id.* at 11–12.

At the pleadings stage, a plaintiff must provide "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 51 (S.D.N.Y. 2019) (internal citation omitted). Such minimal support can be shown through allegations that similarly situated persons were treated differently, or through direct comments suggesting discriminatory animus. *See id.* at 55–56. In considering an ADEA claim, the Second Circuit has stated that "[a]lleged comparators must be similarly situated to the plaintiff in all material respects. What constitutes all material respects varies from case to case, but the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of [the] plaintiff's and comparator's cases." *Mirinaviciene v. Keuka Coll.*, No. 24-1006, 2025 WL 783646, at *2 (2d Cir. Mar. 12, 2025) (summary order) (internal citations and quotation marks omitted).

Here, Plaintiff does not allege that any of Defendants made any direct comments suggesting discriminatory animus. *See* Am. Compl. Additionally, Plaintiff still does not allege that younger, similarly situated comparators were treated differently. Order at 11–12.

In her Amended Complaint, Plaintiff has added more details about coworkers who were granted requests to work from home or transfer. Am. Compl. ¶¶ 94–95, 97–100, 107, 110, 112–

16. However, Plaintiff fails to allege that these specific comparators were younger than her. *Id.* Rather, Plaintiff only makes allegations about these colleagues' seniority. Am. Compl. ¶¶ 97, 107, 110, 112, 115. Specifically, Plaintiff alleges that Thomas Toth, a fellow Associate Fraud Investigator with "equivalent or lesser seniority" to Plaintiff, as well as five other coworkers who had between 20-30 fewer years of seniority than Plaintiff, were permitted to work from home. Am. Compl. ¶¶ 97, 100. Similarly, Plaintiff alleges that Iola West, a supervisor with comparable job responsibilities, was approved to transfer to a desired location despite Plaintiff's "significant seniority over West." Am. Compl. ¶ 112.

However, workplace seniority does not necessarily correlate with age. "The law recognizes that seniority is not a sufficiently accurate indicator of age that, by itself, can support an inference that adverse actions based on seniority necessarily evidence age discrimination." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 250 (2d Cir. 2005) (internal citation and quotation marks omitted) (considering age-based discrimination claims under ADEA and New York Human Rights Law); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) ("[A]n employee's age is analytically distinct from his years of service.").

Moreover, Plaintiff does allege, as she did in her previous complaint, that "three other, younger employees in her unit who were permitted to work remotely while their requests were pending." Am. Compl. ¶ 84. *See also* Compl. ¶ 82 (identically pled). However, just as before, Plaintiff fails to allege any details, such as job titles or responsibilities, about these three younger employees.

Therefore, Plaintiff cannot establish that Defendants were motivated by an age-based discriminatory intent, because she fails to make any non-conclusory allegations regarding

younger, similarly situated comparators. Plaintiff has failed to state age-based discrimination claims based on denial of accommodations and requests to transfer.

### b. Plaintiff Still Fails to Plead Any Claims Arising from Defendant Rush-Brown's Conduct

Furthermore, Plaintiff has attempted to cure her prior failure to allege that Rush-Brown's conduct constituted an adverse employment action. Am. Compl. ¶¶ 72, 151. Despite the Court's Order that "Plaintiff may not assert claims for discrimination based on unfavorable evaluations and critiques at work, or any claims against Defendant Rush-Brown," Plaintiff reasserted these claims under the NYSHRL and NYCHRL. Order at 16; Am. Compl. ¶¶ 72–73, 149–153, 157–160. Putting aside the improper reassertion of these claims, Plaintiff's age-based discrimination claims arising from Rush-Brown's conduct also still fail for failure to establish discriminatory intent.

The vast majority of Plaintiff's allegations that directly reference the age of her comparators and supervisors are in reference to Defendant Rush-Brown's alleged age discrimination. Am. Compl. ¶¶ 73, 150, 157–58; *compare* Am. Compl. ¶¶ 3, 51, 55 *with* Compl. ¶¶ 3, 51, 55 (identically pled in the Am. Compl.). Rush-Brown, who Plaintiff alleges "is in her 40s," was Plaintiff's supervisor from June 2019 to March 2022. Am. Compl. ¶¶ 18, 51, 74. Plaintiff alleges that Rush-Brown managed Plaintiff and "four other employees, all of whom were in their 30s." Am. Compl. ¶ 51; *see also* Compl. ¶ 51 (identically pled in the Am. Compl.).

Despite identifying the ages of Rush-Brown and Plaintiff's coworkers under Rush-Brown's supervision, Plaintiff still fails to plead that these coworkers were similarly situated. In all of her allegations regarding Rush-Brown's critiques and negative evaluations, Plaintiff does not identify the positions, title, responsibilities, or performances at work, of her coworkers. Am. Compl. ¶¶ 50–75; *see Siclari v. N.Y.C. Dep't of Educ.*, No. 19-CV-7611 (AJN), 2020 WL

7

7028870, at *7 (S.D.N.Y. Nov. 30, 2020) (internal citation omitted) ("The amended complaint does allege that younger [coworkers] did not receive poorly rated [evaluations], but it provides no other facts to support even the inference that those [coworkers] were similarly situated such that Plaintiff's contrary experience was due to or because of her age"). Therefore, despite identifying younger comparators under Rush-Brown's supervision, Plaintiff fails to allege "facts from which one might plausibly infer that [her coworkers were] similarly situated in all material respects. As such, no inference of discrimination can be drawn." *Mirinaviciene*, 2025 WL 783646, at *2 (affirming dismissal of a Plaintiff's ADEA and NYSHRL claims).

Furthermore, even under the lesser standards of the NYSHRL and NYSCHRL, Plaintiff has not sufficiently alleged a similarly situated, younger comparator. *See Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016) (dismissing a plaintiff's ADEA, NYSHRL, and NYCHRL claims when the plaintiff "did not allege that she and her co-worker had similar job descriptions or responsibilities"). Therefore, the Court grants Defendants' motion to dismiss all of Plaintiff's age-based discrimination claims.

## II.    Plaintiff Sufficiently States Claims for Disability Discrimination

As stated in the Order, to plead disability discrimination under the ADA, a plaintiff must show that:

> (1) the defendant is a covered employer; (2) the plaintiff suffered from, or was regarded as suffering from, a disability within the meaning of the statute; (3) the plaintiff was qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (4) she suffered an adverse employment action because of her disability or perceived disability.

*Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 566–67 (S.D.N.Y. 2023) (quoting *Dobbs v. NYU Langone Medical Ctr.*, No. 18-CV-1285 (MKV), 2021 WL 1177767, at *5 (S.D.N.Y. Mar. 29, 2021)). The same standard applies for claims brought under the Rehabilitation Act. *See Langella v. Mahopac Cent. Sch. Dist.*, No. 18-CV-10023 (NSR), 2020

8

WL 2836760, at *9 (S.D.N.Y. May 31, 2020). As with ADEA claims, a plaintiff alleging disabilities discrimination must "plead facts plausibly supporting that a 'minimal inference of discriminatory motivation' existed in connection with the adverse employment action." *Crosby*, 695 F. Supp. 3d at 567 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

By contrast, discrimination claims brought under the NYCHRL are subject to a more liberal standard. Under the NYCHRL, a plaintiff must only plead "differential treatment of any degree based on a discriminatory motive; the NYCHRL does not require either materially adverse employment actions or severe and pervasive conduct." *Gorokhovsky v. N.Y.C Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) (internal citation and quotation marks omitted). Claims under the NYCHRL must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 299 (S.D.N.Y. 2019) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 209 (2d Cir. 2013)). Additionally, as of August 12, 2019, the effective date of recent amendments to the NYSHRL, the standard for discrimination claims under the NYSHRL is comparable to the standard of the NYCHRL. *de Souza v. Planned Parenthood Fed'n of Am., Inc.*, No. 21-CV-5553 (LGS), 2023 WL 2691458, at *11 (S.D.N.Y. Mar. 29, 2023). As such, NYSHRL claims in this case "rise and fall" with NYCHRL claims. *Id.*

Although the Court applied the federal standards separately from the New York State and City law standards, the Court concluded that under all standards, Plaintiff satisfied all elements of her disability-based discrimination claims (including that denial of reasonable accommodations and transfers constitute an "adverse employment action"), except the requisite discriminatory intent. Order at 13–15. Like with Plaintiff's age-based discrimination claims, the

9

Court held that Plaintiff failed to allege that Defendants ever expressed a discriminatory animus or that similarly situated employees without disabilities were treated differently. Order at 14–15.

Here, Plaintiff provides additional detail about her alleged comparators. Am. Compl. ¶¶ 93–115. Specifically, Plaintiff identifies Thomas Toth, who, as discussed, held a comparable job title, supervisory role, and similar responsibilities, but did not have a documented disability limiting his use of mass transit. Am. Compl. ¶¶ 93–95, 98. Plaintiff alleges that Toth and six other HRA employees were permitted to work from home. *Id.* ¶ 100. Similarly, Plaintiff also identifies Iola West, a Bronx-based supervisor with comparable job duties to Plaintiff, who, unlike Plaintiff, was approved for a transfer to a Bronx location. *Id.* ¶ 110. Plaintiff alleges that Toth, West, and the other five HRA employees "carried out the same core supervisory and investigative responsibilities as" Plaintiff and "had not submitted medical documentation indicating an inability to use mass transit or [abide by] the workplace mask policy." *Id.* ¶¶ 98–99. Plaintiff also alleges that she "maintained a comparable or superior performance record to other employees who were granted remote work accommodations and transfer requests." *Id.* ¶ 114.

Therefore, Plaintiff has cured her previous pleading deficiencies and identified multiple similarly situated, non-disabled comparators. Plaintiff has identified multiple comparators who she alleges had the same or similar "roles, duties, and performance levels." Order at 15. This is sufficient to plausibly support the minimal inference of discriminatory motivation required for ADA and Rehabilitation Act claims. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010) (internal citation and quotation marks omitted) ("An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct."). Accordingly, Plaintiff has necessarily satisfied the even more permissible standards of the NYSHRL and NYCHRL.

### III.    Plaintiff Fails to Make Allegations Specific to the Doe Defendants

Other than naming the Doe Defendants as parties, Plaintiff makes no mention of the Doe Defendants throughout the entirety of the Amended Complaint. *See* Am. Compl. The paragraphs Plaintiff cites in her Opposition as referring to the Doe Defendants either pertain solely to Defendant Rush-Brown or do not allege facts at all. Opp. at 22. *See, e.g.,* Am. Compl. ¶¶ 17, 22 (discussing Defendant Rush-Brown); Am. Compl. ¶¶ 147, 155 (identically pleading that "Satina repeats and realleges each allegation in each paragraph above").

"It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *McCoy v. Goord*, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) (internal citations and quotation marks omitted) (dismissing claims against the Doe Defendants when a plaintiff did "not plead any facts to suggest that these defendants were personally aware of or involved in any of the alleged constitutional violations" and the Doe Defendants were "not even mentioned in the complaint"); *see also Barkai v. Mendez*, 629 F. Supp. 3d 166, 186 (S.D.N.Y. 2022) (cleaned up) (dismissing Plaintiff's claims against the Doe Defendants because "although he names them as Parties, Plaintiff does not allege any facts regarding [the] Doe Defendants in his complaint"). Therefore, because Plaintiff has failed to make any factual allegations regarding them, the Court dismisses Plaintiff's claims against the Doe Defendants.

### IV.    Punitive Damages Are Improper in this Case

Because Plaintiff's only remaining claims are against the City, punitive damages are not recoverable in this action. Plaintiff brings her disability-based discrimination claims under the ADA, the Rehabilitation Act, the NYSHRL, and the NYCHRL. Punitive damages are not

11

available against a municipality for employment discrimination claims under the ADA, the Rehabilitation Act, nor the NYSHRL. *See Jordan v. City of New York*, No. 23-CV-4962 (DLC), 2024 WL 4872186, at *3 (S.D.N.Y. Nov. 22, 2024) (dismissing requests for punitive damages against an employer-municipality for claims pursuant to the Rehabilitation Act, the ADA, and the NYSHRL). Additionally, punitive damages are not available against a municipality under the NYCHRL. *Krohn v. N.Y.C. Police Dept.*, 372 F.3d 83, 86 (2d Cir. 2004) (applying the law as stated by the New York Court of Appeals that "in a gender-discrimination case, punitive damages are not available against a municipality under" the NYCHRL); *Choudhury v. NYC Heath & Hosps. Corp.,* No. 25-CV-5240 (PAE), 2026 WL 322956, at *15 (S.D.N.Y. Feb. 6, 2026). Therefore, the Court dismisses Plaintiff's requests for punitive damages for her remaining claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Court grants Defendants' motion with respect to Plaintiff's age-based discrimination claims brought under the ADEA, the NYSHRL, and the NYCHRL; all claims asserted against Defendant Rush-Brown and the Doe Defendants; and Plaintiff's request for punitive damages. The Court denies Defendants' motion with respect to Plaintiff's disability-based discrimination claims brought under the ADA, the Rehabilitation Act, the NYSHRL, and the NYCHRL. The Clerk of Court is directed to terminate ECF No. 29.

Dated: February 20, 2026
      White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

12